1  GENGA & ASSOCIATES, P.C.
   JOHN M. GENGA (SB# 125522)
2  KHURRAM A. NIZAMI (SB# 249835)
   15260 Ventura Boulevard, Suite 1810
3  Sherman Oaks, California  91403
   Telephone: (818) 444-4580
4  Facsimile: (818) 444-4585

5  Attorneys for Defendant
   MIDLAND CREDIT MANAGEMENT, INC.
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CHRISTY JOHNSON, | Case No.: CV 12-2749SJO (JCx) |
| 12             Plaintiff, | [Hon. S. James Otero] |
| 13     vs. | |
| 14  MIDLAND CREDIT MANAGEMENT, | ANSWER OF MIDLAND CREDIT MANAGEMENT, INC. TO COMPLAINT |
| 15  INC.; and DOES 1 to 10, inclusive, | |
| 16             Defendants. | |
| 17 | |

18

19       As and for its answer to the complaint filed against it on or about March 29, 2012

20  (the "Complaint") by plaintiff Christy Johnson ("Plaintiff"), defendant Midland Credit

21  Management, Inc. ("Defendant") hereby denies, admits and alleges as follows:

22       1.     Answering paragraph 1 of the Complaint, Defendant denies the allegations

23  thereof, except avers the contents of the allegations are introductory and refers to the Fair

24  Credit Reporting Act, 15 U.S.C. §§1681 *et seq* Fair Debt Collection Practices Act, 15

25  U.S.C. §§1692 *et seq.* ("FDCPA") for the provisions thereof.

26       2.     Answering paragraph 2 of the Complaint, Defendant admits that jurisdiction

27  of this Court exists under 15 U.S.C. §1681k and 28 U.S.C. §§1331, 1337 and 1367, that

28  declarative relief is available pursuant to 28 U.S.C. §§2201 and 2202, and that venue lies

1    in this judicial district; but denies that this action has been properly brought under the

2    FDCPA, and denies any and all remaining allegations thereof.

3           3.     Answering paragraph 3 of the Complaint, Defendant lacks sufficient

4    information to form a belief as to Plaintiff's residency, and on that basis denies her

5    allegations on that subject. Defendant also lacks sufficient knowledge to form a belief as

6    to whether Plaintiff's financial obligations at issue were incurred primarily for personal,

7    family or household purposes and therefore can neither admit nor deny Plaintiff qualifies

8    as a "consumer" as defined by 15 U.S.C. §1692a(3) and on that basis denies such

9    allegations. Defendant denies any and all remaining allegations thereof.

10          4.     Answering paragraph 4 of the Complaint, Defendant denies the allegations

11   thereof, except admits that it (i) maintains an address in San Diego, California; (ii) is

12   authorized to and does conduct business with residents of the State of California; and (iii)

13   has, at times, attempted to collect debts owed to it.

14          5.     Answering paragraph 5 of the Complaint, Defendant denies the allegations

15   thereof, except admits that it has, at times, acted as a "debt collector" as defined by 15

16   U.S.C. §1692a(6).

17          6.     Answering paragraph 6 of the Complaint, Defendant lacks sufficient

18   information to form a belief as to the allegations thereof, and on that basis denies them.

19          7.     Answering paragraph 7 of the Complaint, Defendant lacks sufficient

20   information to form a belief as to the allegations thereof, and on that basis denies them.

21          8.     Answering paragraph 8 of the Complaint, Defendant lacks sufficient

22   information to form a belief as to the allegations thereof, and on that basis denies them.

23          9.     Answering paragraph 9 of the Complaint, Defendant lacks sufficient

24   information to form a belief as to the allegations thereof, and on that basis denies them.

25          10.    Answering paragraph 10 of the Complaint, Defendant lacks sufficient

26   information to form a belief as to the allegations thereof, and on that basis denies them.

27          11.    Answering paragraph 11 of the Complaint, Defendant lacks sufficient

28   information to form a belief as to the allegations thereof, and on that basis denies them.

ANSWER OF MIDLAND CREDIT MANAGEMENT, INC. TO COMPLAINT

12.     Answering paragraph 12 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations thereof, and on that basis denies them.

13.     Answering paragraph 13 of the Complaint, Defendant refers to and incorporates by this reference all denials, admissions and allegations set forth above in paragraph 1 through 12, as if fully restated at this point.

14.     Answering paragraph 14 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations thereof, and on that basis denies them.

15.     Answering paragraph 15 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations thereof, and on that basis denies them.

16.     Answering paragraph 16 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations thereof, and on that basis denies them and further denies, generally and specifically, any liability for any of the relief for which Plaintiff prays therein.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Complaint, without prejudice as to any of the denials and allegations set forth above, and without admission as to any applicable burden of proof, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

2.     To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

ANSWER OF MIDLAND CREDIT MANAGEMENT, INC. TO COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.    The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by Plaintiff's unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.    Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.    Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

### SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

6.    Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws, such that if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

### SEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

7.    Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be eliminated and/or reduced accordingly.

4

## EIGHTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

8.     The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events and/or conduct over which Defendant had and has no control.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

9.     To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

10.     The actions of Defendant alleged in the Complaint constitute conduct and communications done in good faith and in anticipation of or in connection with ongoing litigation, such that Plaintiff's claims are barred, in whole or in part, by the litigation privilege established by applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Improper Forum)

11.     Plaintiff may not bring, pursue or maintain her Complaint, or any claim for relief alleged therein, in this forum, as a written agreement signed by her requires that all such claims be resolved by arbitration.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not a "Debt Collector")

12.     Defendant not is a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

13.     Defendant's conduct is protected under the First Amendment of the United States Constitution and by the California Constitution.  Plaintiff's proposed interpretation of the FDCPA and RFDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## **PRAYER**

WHEREFORE, Defendant prays judgment as follows:

1.     That Plaintiff take nothing by the Complaint;

2.     That the Complaint be dismissed with prejudice;

3.     That Defendant recover its costs from Plaintiff, according to proof;

4.     That Defendant recover from Plaintiff its attorneys' fees as and to the extent allowed by law, according to proof; and

5.     For such other and further relief in favor of Defendant as the Court may deem just and proper.


DATED: April 27, 2012          GENGA & ASSOCIATES, P.C.


                               By:_____
                                    Khurram A. Nizami
                               Attorneys for Defendant
                               MIDLAND CREDIT MANAGEMENT, INC.

6